IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. EWERS, Attorney at Law.

Supreme Court

*No. 94–2714–D. Filed July 6, 1995.*

(Also reported in 534 N.W.2d 82.)

PER CURIAM    *Attorney disciplinary proceeding; attorney's license revoked.*

We review the recommendation of the referee that the license of James J. Ewers to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of his having used his law office to use and distribute cocaine, on several occasions with persons he represented in criminal matters, and his having wilfully failed to file federal and state income tax returns and pay taxes for several years.

Attorney Ewers was convicted in federal district court, on his guilty plea, of one count of maintaining his law office for the purpose of distributing cocaine and one count of wilfully failing to file a federal income tax return for 1989. On motion of the Board of Attorneys Professional Responsibility based on that conviction, the court, pursuant to SCR 11.03,[1] summarily suspended Attorney Ewers' license to practice law November 17, 1994 pending disposition of this disciplinary proceeding.

The egregious nature of Attorney Ewers' professional misconduct warrants the imposition of the most severe discipline. He repeatedly engaged in criminal conduct with persons he had undertaken to represent who themselves were charged with or had been convicted of criminal offenses, some of them drug offenses. Moreover, in respect to one of those clients, he did so knowing that the client was on probation, one of the terms of which prohibited him from having any contact with controlled substances. Together with his wilful failure to file tax returns and pay income taxes to the state and federal governments, that professional misconduct calls for the revocation of his license to practice law in this state.

Attorney Ewers was licensed to practice law in Wisconsin in 1973 and practiced in Madison. He has not previously been the subject of a disciplinary pro-

---

[1] SCR 11.03 provides, in pertinent part:

**Suspension on conviction of crime.**

(1) Summary suspension. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

ceeding. Based on his federal conviction and the testimony presented at the disciplinary hearing, the referee, Attorney Rudolph P. Regez, made the following findings of fact.

Attorney Ewers began using cocaine in 1985 or 1986 and used it hundreds of times thereafter. He underwent treatment for cocaine abuse in the spring of 1987 but resumed using cocaine. He testified that he stopped using it in December, 1989 and has not used it since then.

Attorney Ewers began using crack cocaine in his law office in 1987 and prepared it there during that year and in 1989. He used cocaine with several clients he represented in criminal matters and purchased cocaine from one of them on some 15 occasions following that client's release from incarceration. Attorney Ewers' use of cocaine occurred at the same time he was representing clients charged with drug crimes.

In the spring of 1989, Attorney Ewers represented a man charged with bail jumping and possession of a controlled substance with intent to deliver. Upon the client's no contest plea to the bail jumping charge, the controlled substance charge was dismissed and the client was given a stayed five-year prison sentence and placed on seven years' probation, including a provision that he have no contact with any controlled substance. Notwithstanding his knowledge of the terms of the client's probation, Attorney Ewers used cocaine with that client and distributed cocaine to him through November, 1989, preparing crack cocaine and using it with that client at the desk in his law office. On occasion, Attorney Ewers gave the client powdered cocaine when he left the office.

In the tax matter, in addition to his conviction for failure to file a federal income tax return for 1989,

528

Attorney Ewers did not timely file state and federal income tax returns and pay income taxes for 1984 through 1989. The referee found that he has made some payments on his tax liability.

On the basis of those facts, the referee concluded that Attorney Ewers committed criminal acts reflecting adversely on his trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b).[2] As discipline for that misconduct, the referee recommended that his license to practice law be revoked, effective the date of the court's order. In addition, the referee recommended that he be required to pay the costs of the proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license revocation is appropriate discipline to impose for Attorney Ewers' misconduct established in this proceeding.

IT IS ORDERED that the license of James J. Ewers to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order James J. Ewers pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that James J. Ewers comply with the provisions of SCR 22.26 concerning the

---

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

duties of a person whose license to practice law in Wisconsin has been revoked.